UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Perry N. Gumbs,**

        **Petitioner,**

        -v-                                8:08-CV-580

**United States Attorney General, United States Department of Homeland Security, and United States Citizenship & Immigration Services,**

        **Respondents.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Perry N. Gumbs
A # 035-185-583
Buffalo Federal Detention Center
4250 Federal Drive
Batavia, NY 14020
Petitioner, *Pro Se*

United States Attorney
Charles E. Roberts, Esq., Assistant United States Attorney
100 South Clinton Street
Syracuse, New York 13261

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

In this proceeding seeking an order granting him citizenship, petitioner moves (Dkt. No. 11) for a temporary restraining order and preliminary injunction staying and/or dismissing removal proceedings. The factual background of the matter is set forth in the Court's decision dismissing his prior petition. *See Gumbs v. United States Attorney General*, 2007 WL 3036848 (N.D.N.Y. Oct. 16, 2007). As explained below, the Court denies without prejudice the motion for a temporary restraining order and preliminary injunction, and dismisses without prejudice so much of the petition as is addressed to the removal order.

Briefly, the facts are that petitioner, an alien, petitioned for naturalization in 1992. On July 30, 1996, he was convicted of conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846, and on October 15, 2004, he was convicted of criminal possession of a controlled substance, second degree, N.Y. Penal Code § 220.18. No action was taken on his application for naturalization, and on August 29, 2006, he filed a petition to determine the matter or remand it to the Citizenship and Immigration Service ("CIS"). Thereafter, on May 7, 2007, CIS denied petitioner's application, and respondent moved to dismiss the district court petition on the ground of mootness. On May 25, 2007, petitioner moved to terminate the removal proceedings, and on October 1, 2007, moved for a temporary restraining order and preliminary injunction staying removal proceedings. On October 16, 2007, this Court denied CIS's motion to dismiss the petition on the ground of mootness, held that the filing of the petition in district court had divested CIS of jurisdiction, and remanded the petition to CIS for determination. The Court further denied petitioner's motions and dismissed so much of the petition as addressed the removal proceedings, without prejudice to proceeding in the appropriate court of appeals. *See Gumbs*, 2007 WL 3036848 at *2.

On remand, CIS issued a decision on February 5, 2008, denying petitioner's application for naturalization.[1] Petitioner then filed an administrative appeal. On May 2, 2008, prior to receiving a decision on the administrative appeal, he filed the current petition in the Eastern District of New York, which transferred it to this Court on May 30, 2008. Thereafter, on August 8, 2008, CIS issued a decision on petitioner's administrative appeal, upholding denial of the

---

[1] In that decision, CIS notes that on May 19, 1997, petitioner was served with a Notice to Appear for Removal Proceedings, and that on July 14, 2005, the Immigration Judge ordered him removed from the U.S. It appears that the Board of Immigration Appeals upheld the July 14, 2005 decision and issued a final order for his removal.

naturalization petition. The instant motion by petitioner, seeking to prevent removal, was filed on December 9, 2008.

As this Court previously held, it lacks jurisdiction to act upon petitioner's motion challenging and seeking a stay of removal proceedings. *See Gumbs*, 2007 WL 3036848, *2. Review by the appropriate circuit court of appeals is the sole and exclusive means of judicial review of a removal order.[2] *See* 8 U.S.C. § 1252(a)(5); (b) (3)(B); *Morillo v. DHS & Bice Detention Center*, 2006 WL 1007645, *1 (N.D.N.Y.), *and cases cited therein*. Nor may this Court transfer the case to the circuit court; rather, it must dismiss without prejudice to refiling in the appropriate court of appeals.[3] *See Munoz v. Gonzalez*, 2005 WL 1644165, *1 (S.D.N.Y.).

Thus, petitioner's motion (Dkt. No. 11) for a temporary restraining order and preliminary injunction staying and/or dismissing removal proceedings is denied without prejudice to proceeding in the appropriate court of appeals. Likewise, the petition, insofar as it is addressed to the removal order, is dismissed without prejudice to proceeding in the appropriate court of appeals.

It is therefore

ORDERED that petitioner's motion (Dkt. No. 11) for a temporary restraining order and

---

[2] 8 U.S.C. § 1252(a)(5) provides in part:

> Notwithstanding any other provision of law ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter[.]

Under 8 U.S.C. § 1252(b)(3)(B), a stay may be ordered by the court that will issue a decision on the petition. *See Munoz*, 2005 WL 1644165 at *1.

[3] The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Here, it appears this would be the Second Circuit.

-3-

preliminary injunction is denied without prejudice to proceeding in the appropriate court of appeals; and it is further

  ORDERED that the petition (Dkt. No. 1), insofar as it is addressed to the removal order, is dismissed without prejudice to proceeding in the appropriate court of appeals.

  IT IS SO ORDERED.

February 11, 2009
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge